UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHIRLEY M. BLAKEMAN, as Administrator
of the ESTATE OF LONNIE BLAKEMAN,

                            Plaintiff,

       v.                                        3:10-cv-1278

MICHAEL E. NEWMAN,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff Shirley M. Blakeman, as Administrator of the Estate of Lonnie Blakeman, commenced the instant action asserting a claim of wrongful death in connection with a motor vehicle-related injury. Briefly stated, the facts are as follows. The decedent and Defendant were at the Watkins Glen International Raceway. Defendant was operating a pick-up truck. The decedent was riding on the extended tailgate of the truck. As Defendant drove the truck, Decedent fell from the truck and landed on the road, striking his head on the ground. Decedent was taken to the hospital for treatment. He died several days later. Plaintiff then commenced the instant wrongful death action. Presently before the Court are Defendant's motion for: (1) summary judgment pursuant to Fed. R. Civ. P. 56; and (2) to bifurcate the trial.

       Motion practice in this District is governed by N.D.N.Y.L.R. 7.1. Rule 7.1(a) plainly provides that "[e]xcept as otherwise provided in this paragraph, all motions . . . require a

memorandum of law, supporting affidavit, and proof of service on all the parties. . . ." Rule 7.1(a)(3) further requires "[a]ny motion for summary judgment [to] contain a Statement of Material Facts." Under that Rule the "[f]aiilure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." Here, Defendant has not filed a memorandum of law in support of either motion and has failed to file a statement of material facts in support of the summary judgment motion. Accordingly, the motions are DENIED for failure to comply with Rule 7.1

Moreover, the affidavit submitted in support of the motion for summary judgment is that of Defendant's attorney and is not based on personal knowledge. See Fed. R. Civ. P. 56(c)(4) ("An affidavit . . . used to support . . . a motion must be made on personal knowledge. . . ."). Federal Rule of Civil Procedure 56(c) requires a party asserting a fact that cannot be genuinely disputed to cite to particular parts of materials in the record. Defendants' motion leaves it to the Court to filter through the submitted deposition testimony to determine what facts are purported to be pertinent and undisputed. That is not the Court's function. In any event, there are triable issues of fact concerning whether Defendant breached a duty of care that was the promixate cause of the decedent's injuries and resultant death and any apportionment of fault between the decedent and Defendant. For these additional reasons, the motion for summary judgment is DENIED.

Further, upon consideration of the issues of convenience, prejudice, and efficiency, the Court does not find that bifurcation is warranted under the facts and circumstances of this case. See Fed. R. Civ. P. 42(b); Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 316 (2d Cir. 1999); Tafari v. Goord, 2011 WL 4914961 (W.D.N.Y. 2011) (bifurcation is the exception rather than the rule).

IT IS SO ORDERED.

Dated: November 28, 2011

Thomas J. McAvoy
Senior, U.S. District Judge